**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) )  ) |
| | ) ) |
| Plaintiff, | ) |
| v. | ) Case No.: 20-cv-393 |
| | ) ) |
| ADVANCED PROPERTY PRESERVATION, INC., | ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Crum & Forster Specialty Insurance Company ("C&F"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendant Advanced Property Preservation, Inc. ("Advanced"), states as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.  In this action, C&F seeks a determination of its rights and obligations under an insurance policy issued by C&F to Advanced in connection with an underlying lawsuit filed by Moses Regular and Casey Regular (collectively, the "Regulars"), which asserts certain claims against Advanced.

**JURISDICTION AND VENUE**

2.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4.      Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391 (a), as Defendant Advanced is a resident of the Southern District of Illinois.

5.      Plaintiff C&F is a Delaware corporation with a statutory home office in Delaware and a place of business in Morristown, New Jersey. At all relevant times, C&F conducted business in the State of Illinois.

6.      Defendant Advanced is a corporation organized and existing under the laws of Illinois with its principle place of business in Cahokia, Illinois.

7.      The Underlying Action (as defined herein) in pending in the Circuit Court of St. Louis City, Missouri.

8.      C&F issued an insurance policy to Advanced, as described more fully below.

9.      The scope of the coverage available to Advanced under the policy is governed by the terms, conditions, and exclusions of the policy.

## THE UNDERLYING ACTION

10.     On or about October 27, 2017, Moses Regular and Casey Regular (collectively the "Regulars"), filed an action in the Circuit Court of St. Louis City, Missouri, styled *Moses Regular, et al. v. Equity Trust Company, et al.*, Case No. 1722-CC11623 (the "Underlying Action").

11.     On or about March 21, 2019, the Regulars filed a First Amended Petition (the "Petition") in the Underlying Action which, *inter alia*, added Advanced as a defendant.  A true and correct copy of the Petition is attached hereto as Exhibit A.

12.     Upon information and belief, Advanced was served with the Petition on April 23, 2019.

13.     The Petition alleges that, on or about March 6, 2017, a wall of the home neighboring the Regulars' home collapsed into the wall of the Regulars' home, and rubble and debris from the neighboring property fell onto the roof and rear porch of the Regulars' home, causing damage to the roof, exterior, rear porches, and interior of the Regulars' home. Ex. A at p. 4, ¶ 17.

14.     The Petition further alleges that the collapse of the wall of the neighboring home left portions of the roof of the Regulars' home uncovered and exposed to the natural elements. Ex. A at p. 4, ¶ 18.

15.      The Petition further alleges that the Regulars notified the agent for their insurer, Allstate Insurance Company ("Allstate"), of the collapse of the wall and were told by Allstate that no work could be done on the Regulars' home unless Allstate was able to view and approve of any estimates for repair.  Ex. A at p. 4, ¶ 19.

16.     The Petition further alleges that, on or around March 9, 2017, Allstate sent a representative to inspect the damage to the Regulars' home. The Petition further alleges that, as a result of the collapse of the wall, the roof of the Regulars' home was covered with bricks and other debris and engineers for Allstate determined that the bricks needed to be removed before the roof of the Regulars' home could be tarped. Ex. A at p. 4, ¶¶ 20-21.

17.     The Petition further alleges that Allstate contracted with Advance to remove the bricks and tarp the roof of the Regulars' home. Ex. A at p. 4, ¶ 22

18.     The Petition further alleges that Advanced tarped the roof of the Regulars' home on or about April 1, 2017. Ex. A at p. 4, ¶ 22

19.     The Petition further alleges, on information and belief, that Advanced inadequately tarped the roof of the Regulars' home. Ex. A at p. 9, ¶ 51

20.     In Count V of the Petition, the Regulars assert a negligence claim against, *inter alia*, Advanced alleging that the roof was inadequately tarped by Advanced and that the Regulars' home is still susceptible to leaks and water damage.  Ex. A at pp. 8-9, ¶ 48-52.

21.     Count V of the Petition further alleges that as a result of, *inter alia*, the roof being inadequately tarped, the Regular home sustained severe mold damage and other latent damage caused by exposure to heavy rainfall because the roof was not properly secured. Ex. A at pp. 9, ¶ 52.

## THE POLICY

22.     C&F issued Service Providers Environmental Coverage Policy No. EPK-113363, effective June 28, 2016 to June 28, 2017 (the "Policy"), to named insured Advanced Property Preservation, Inc. The Policy provides Commercial General Liability ("CGL") coverage, with limits of liability of $1,000,000 per occurrence and a $2,000,000 general aggregate. A true and correct copy of the Policy is attached hereto as Exhibit B.

23.     The CGL Coverage Part of the Policy includes Coverage A – Bodily Injury and Property Damage Liability. The Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of the Policy provides, in pertinent part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

    a.  We will pay on behalf of the insured, in excess of the deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" of "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those "damages".  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. ...

\*\*\*

4

> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > **(2)** The "bodily injury" or "property damage" occurs during the policy period; …
>
> ***

Ex. B at Coverage Form, p. 1 of 36.

24. **SECTION VI – DEFINITIONS** of the Policy include the following relevant definitions:

> 7. "Damages" means the monetary amount of any judgment, award or settlement that an insured becomes legally obligated to pay as a result of a "claim" or "suit";
>
> ***
>
> 23. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general conditions. "Occurrence" does not mean or include "pollution conditions."
>
> ***
>
> 29. "Property damage" means:
>
> > a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> >
> > b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" or "pollution condition that caused it;  . . .
>
> ***

Ex. B at Coverage Form, pp. 31, 34 and 35 of 36.

25. **SECTION IV – CONDITIONS** of the Policy provides, in pertinent part, as follows:

***

2. **Duties In The Event Of Occurrence, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence", "pollution condition", "wrongful act" or an offense which may result in a "claim". To the extent possible, notice should include:

(1) How, when and where the "occurrence", "pollution condition", "wrongful act", or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence", "pollution condition", "wrongful act" or offense.

Solely with respect to any coverage provided on a claims-made basis, notice of an "occurrence" or offense is not notice of a "claim".

b. If a "claim" is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the "claim" or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or "damages" to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*\*\*

6

Ex. B at Coverage Form, p. 25 of 36.

## CANCELLATION OF THE POLICY

26.     Upon information and belief, the premiums for the Policy were paid through a premium finance company, Capital Premium Finance ("Capital").

27.     On March 20, 2017, Capital sent a Notice of Cancellation of Insurance Coverage (the "Cancellation Notice") to C&F.  A true and correct copy of the Cancellation Notice is attached hereto as Exhibit C.

28.     The Cancellation Notice identified the Insured as "Advanced Property Preservation, Inc." and the "Financed Policy" as Crum & Forster Policy Number EPK 113363, which is the policy number of the Policy. Ex. C.

29.     The Cancellation Notice stated, in pertinent part, as follows: "NOTE THAT THE INSURED'S PREMIUM FINANCE AGEEMENT IS IN DEFAULT AND THAT THE INSURED HAS BEEN GIVEN THE REQUIRED STATUTORY WRITTEN NOTICE OF OUR INTENT TO CANCEL AND ANY CURE PERIOD HAS EXPIRED."  Ex. C.

30.     The Cancellation Notice further stated, in pertinent part, as follows:

> **To the Insurance Company:**
>
> The insurance policy identified in this notice (the "Policy") is hereby cancelled in accordance with the appropriate premium finance statute and/or the Insured's premium finance agreement (the "Agreement").  The Agreement, which was signed by or on behalf of the Insured, granted to Capital Premium Financing, Inc. (hereinafter "Capital") power of attorney to issue this notice …

(emphasis in original). Ex. C.

31.     The Cancellation Notice listed the cancellation date as "3/20/2017." Ex. C.

32.     Pursuant to the Cancellation Notice, C&F issued a Cancellation Endorsement cancelling the Policy effective March 20, 2017.  A true and correct copy of the Cancellation Endorsement is attached hereto as Exhibit D.

## THIS DISPUTE

33.     Advanced has sought a defense and indemnity from C&F under the Policy in connection with the claims asserted against it in the Petition filed in the Underlying Action.

34.     C&F has determined through its coverage investigation that it owes no obligation to defend or indemnify Advanced in connection with the claims asserted against it in the Petition filed in the Underlying Action.

35.     C&F has advised Advanced in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify it in connection with the claims asserted against it in the Petition filed in the Underlying Action.

## COUNT I
### (No "Property Damage" During Effective Period of Policy)

36.     C&F incorporates by reference herein paragraphs 1 through 35, as if the same were fully set forth at length.

37.     Pursuant to 215 ILCS 5/513(a)11, a premium finance company may send a request for cancellation to an insurer and the insurance policy shall be cancelled.

38.     On March 20, 2017, Capital sent the Cancellation Notice to C&F advising that the Policy should be cancelled effective March 20, 2017.  The Cancellation Notice advised C&F that Advanced's premium finance agreement was in default and the required statutory notice of Capital's intent to cancel the Policy was given to Advanced and any cure period had expired. (Ex C.)

39.     Pursuant to the Cancellation Notice, C&F issued a Cancellation Endorsement cancelling the Policy effective March 20, 2017. (Ex D).

40.     The Insuring Agreement in Coverage A – Bodily Injury and Property Damage Liability in the Policy provides, in pertinent part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

   a.   We will pay on behalf of the insured, in excess of the deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" of "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those "damages".  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. ...

***

   b.   This insurance applies to "bodily injury" and "property damage" only if:

      (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2)     The "bodily injury" or "property damage" occurs during the policy period; …

***

Ex. B at Coverage Form, p.1 of 36.

41.     The Petition in the Underlying Action alleges that the Regulars' home was improperly tarped by Advanced on or about April 1, 2017, which resulted in damage to the home.

42.     Any "property damage" to the Regulars' home resulting from Advanced's alleged improper tarping of the roof would have occurred on or after April 1, 2017.

43.     The Petition in the Underlying Action does not allege that the Regulars' home sustained "property damage" resulting from acts and/or omissions of Advanced that took place

during the effective period of the Policy which, pursuant to the cancellation of the Policy, ended on March 20, 2017

44.     Accordingly, the Policy does not afford coverage for the claims asserted against Advanced in the Underlying Action because, pursuant to the cancelation of the Policy on March 20, 2017, the Petition seeks to impose liability against Advanced for "property damage" allegedly resulting from acts and/or omissions of Advanced which took place outside of the effective period of the Policy.

WHEREFORE, C&F seeks a judgment that it owes no duty under the Policy to defend or indemnify Advanced in connection with the claims asserted against it in the Petition filed in the Underlying Action.

### COUNT II
### (Violation of Duties In The Event Of Occurrence, Claim Or Suit Condition)

45.     C&F incorporates by reference herein paragraphs 1 through 44, as if the same were fully set forth at length.

46.     Upon information and belief, Advanced was served with the Petition in the Underlying Action on or about April 23, 2019.

47.     **SECTION IV – CONDITIONS** of the Policy provides, in pertinent part, as follows:

***

**2.     Duties In The Event Of Occurrence, Claim Or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence", "pollution condition", "wrongful act" or an offense which may result in a "claim".  To the extent possible, notice should include:

**(1)**     How, when and where the "occurrence", "pollution condition", "wrongful act", or offense took place;

      **(2)**     The names and addresses of any injured persons and witnesses; and

      **(3)**     The nature and location of any injury or damage arising out of the "occurrence", "pollution condition", "wrongful act" or offense.

Solely with respect to any coverage provided on a claims-made basis, notice of an "occurrence" or offense is not notice of a "claim".

**b.**     If a "claim" is made or "suit" is brought against any insured, you must:

      **(1)**     Immediately record the specifics of the "claim" or "suit" and the date received; and

      **(2)**     Notify us as soon as practicable.

You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

**c.**     You and any other involved insured must:

      **(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

      **(2)**     Authorize us to obtain records and other information;

      **(3)**     Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and

      **(4)**     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or "damages" to which this insurance may also apply.

*** 

Ex. B at Coverage Form, p. 25 of 36.

48.     Advanced failed to provide C&F with any notice regarding the claims asserted against it in the Underlying Action until March 11, 2020, more than ten months after Advanced was served with the Petition in the Underlying Action.

49.     Pursuant to the Duties In The Event Of Occurrence, Claim Or Suit condition of the Policy, Advanced was required to provide C&F with written notice of a "claim" or "suit" as

soon as practicable, and further required to immediately send C&F "copies of any demands, notices, summonses or legal papers received in connection with the 'claim' or 'suit'".

50.     The more than ten month delay by Advanced in providing C&F with notice regarding the claims asserted against it in the Underlying Action was unreasonable and violated the Duties In The Event Of Occurrence, Claim Or Suit condition of the Policy.

51.     Accordingly, even if it were determined that the Petition alleges "property damage" resulting from acts and/or omissions of Advanced which took place during the effective period of the Policy, coverage for the claims asserted against Advanced in the Underlying Action would be precluded due to Advance's violation of the Duties In The Event Of Occurrence, Claim Or Suit condition of the Policy with respect to such claims.

WHEREFORE, C&F seeks a judgment that it owes no duty under the Policy to defend or indemnify Advanced in connection with the claims asserted against it in the Petition filed in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendant Advanced Property Preservation, Inc. declaring as follows:

   a.  This court has jurisdiction over the parties and the subject matter of this litigation;

   b.  The Policy does not provide coverage to Defendant Advanced Property Preservation, Inc. for the claims asserted against it in the Petition filed in the Underlying Action;

   c.  Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend Defendant Advanced Property Preservation, Inc. or reimburse defense costs incurred by Defendant Advanced Property

Preservation, Inc. in connection with the claims asserted against it in the Petition filed in the Underlying Action;

d.  Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant Advanced Property Preservation, Inc. in connection with the claims asserted against it in the Petition filed in the Underlying Action;

e.  Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f.  Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

Dated: April 30, 2020                    CRUM & FORSTER SPECIALTY INSURANCE
                                         COMPANY

                                         By:  /s/ James J. Hickey

                                             James J. Hickey
                                             One of the attorneys for Plaintiff
                                             Crum & Forster Specialty Insurance Company

James J. Hickey #6198334
Kennedys CMK
100 North Riverside Plaza - Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
Fax (312) 207-2110